LIBERTY BILLINGS, APPELLANT, VS. JOHN McDERMOTT, RE-
SPONDENT.

The certificate of the sale of lands by the United States Direct Tax Com-
missioners (under the act of Congress of June 7, 1862,) for the non-
payment of taxes, is *prima facie* evidence of the regularity and va-
lidity of the sale and of the *title of the purchaser*, and a mere assign-
ment by the purchaser of the certificate of sale does not divest him of
the title thus acquired, and the assignee of the certificate cannot
maintain ejectment in his own name. The title being vested in the
purchaser by the tax sale, he can only divest himself of it, under the
laws of this State, by deed or by will, (if the property is not redeemed
by the owner as prescribed by law,) or, the assignee of the certificate
may, by complying with the terms of the second section of the act of
Congress of March 3, 1865, (13 Statutes at Large, 501,) obtain a patent
from the President of the United States.

Appeal from Circuit Court of Nassau county, Fourth Ju-
dicial Circuit.

A statement of the case is contained in the opinion of the
Court.

*Liberty Billings* for Appellant.

The certificate of sale by force of the statute amounts to
*prima facie* evidence of the regularity and validity of the
sale and of the title of the purchaser. 12 Stat. at L., 422.
So ruled in Cooley vs. Conner, 12 Wallace, 398.

A certificate of redemption is no evidence of title. It
only proves payment of the redemption money. Blackwell
on Tax Titles, 3d ed., 424–5.

The law provides (section 7) that the certificate of sale
" shall only be affected as evidence of the regularity and
validity of the sale by showing that the tax had been paid
previous to the sale ; that the property was not subject to
taxation, or that it had been redeemed according to the pro-
visions of this act." Legal redemption must therefore be
proved.

The law does not provide for settling questions of title
before the redeeming officer. Blackwell, 422.

The act of redeeming is not judicial in its nature, the officer who executes the certificate acting only in a ministerial capacity, and his decisions are not conclusive upon the purchaser. Ibid., 422, 432.

Respondent must show a *right* to redeem.

Ownership or interest in premises must be proved. No evidence of a " valid lien or interest " in premises entitles to redemption. Records show no " leasehold " as alleged in answer.

Must redeem in time fixed by law, or redemption void. Ibid., 431. Time depends upon character of parties claiming ownership. Minors, aliens, loyal persons, &c., have two years, others one year, after sale. U. S. Direct Tax Law, sec. 7.

*Friend & Hammond* for Respondent.

RANDALL, C. J., delivered the opinion of the court.

The appellant brought an action of ejectment in the Circuit Court for Nassau county against McDermott to recover possession of certain lots in Fernandina on the strength of his title.. Defendant denied the plaintiff's title and right of possession.

The plaintiff, to maintain his suit, introduced in evidence a certificate of the sale of the lots in question by the United States Direct Tax Commissioners for Florida on the second day of January, 1865, signed by. the three commissioners, showing that Elsie Rivers was the purchaser at the sale. Appended to the certificate was an assignment of the certificate to the plaintiff, signed and acknowledged by Elsie Rivers and her husband, whereby they sold, transferred and assigned " all right, title and interest in the within tax certificate." It was also shown that defendant was in possession at the commencement of this suit and plaintiff rested.

The defendant offered in evidence a certificate of the commissioners that on the 9th November, 1865, " John Henry,

Sarah, Isabel and Mary Frances McDermott, having produced satisfactory evidence that they are minor children, and on the application of John McDermott, their father and guardian, and having taken an oath to support the Constitution of the United States, and having paid the tax charged on said land, together with the penalty, interest and costs of proceedings, * * * has redeemed the said tract of land from the forfeiture and sale thereof," &c. The plaintiff objected to the admission of the certificate " on the ground that it is not responsive to the answer and that it is no evidence of title." The objection was overruled, plaintiff excepted, and the evidence submitted. This was the whole of the evidence.

The jury rendered a verdict for the defendant, upon which judgment was entered against the plaintiff and he appeals.

The errors assigned are that the court admitted the certificate of redemption without evidence of the *right* to redeem on the part of the defendant or of any party privy with him ; and, 2d, because said certificate was not pleaded in the answer, nor was it responsive to any pleading in the case.

As to the first question, it is provided in the act of Congress for the collection of direct taxes in insurrectionary districts, approved June 7, 1862, that the owner of lands sold for such taxes may, if a minor, appear before the board of tax commissioners and redeem the property sold at any time within two years after the sale, upon taking an oath to support the Constitution of the United States and paying the tax and penalty with interest and expenses of the sale and subsequent proceedings. The certificate of redemption put in evidence shows that John McDermott, the father and guardian of the minor children named, appeared and took the oath and paid the amount necessary to redeem the lots in question from the sale by the commissioners. But it was not shown by the certificate of redemption, or by any evidence before the commissioners or before the court, that the

persons named were the owners of the lots or had any interest therein, and hence it did not appear before the court or jury that they had the right to redeem and prevent the purchaser from acquiring the title under the certificate.

The same statute (section 7, volume 12, U. S. Statutes at Large, p. 423,) provides that the certificate of sale shall be received in all courts and places as *prima facie* evidence of the regularity and validity of the sale, and of the *title of the purchaser under the same.* (See Cooley vs. Connor, 12 Wallace, 391.)

Now the plaintiff's objection to the certificate of redemption as evidence, as it appears in the record, was not upon the ground that there was no accompanying evidence of the interest of the minors or of the defendant in the lots before the court, but as it appears that no such evidence was given, we are at liberty to determine that there was not sufficient evidence in the case to defeat the title of the purchaser at the tax sale. The act gives the right to redeem in the manner provided by it by the owner or by any loyal person having an interest in, or lien upon, the land sold.

But although the plaintiff may have been correct in regard to the regularity of the attempt to redeem, we cannot hold that he may recover upon his own evidence as disclosed by this record.

The plaintiff upon his pleadings must show title to the premises he seeks to recover in himself. He produces a tax certificate, which, under the act of Congress, is evidence of the title of the *purchaser*, and the purchaser is Elsie Rivers. Her title was derived from the sale to her by the tax commissioners, and the certificate is the only *evidence* of the sale and of her title under it. He shows no release, assignment, or conveyance by deed, or otherwise, of the property described in the certificate, but merely that the certificate has been assigned to him.

Mrs. Rivers, if the property was liable to be taxed, and was not properly redeemed from the sale, had a *prima*

*facie* title.   Under the statutes of this State, no estate or interest of freehold can be created in any other manner than by deed in writing by the party " creating, making, granting, conveying, transferring, or releasing such estate or interest," or by will duly executed according to law.   This assignment of the *evidence* of her title carries with it no legal estate in the lands described.

The act of Congress of March 3, 1865, however, provides that the transferee of a certificate of sale, by complying with certain conditions, may receive a patent from the President of the United States, which would doubtless invest him with a title.   But this not having been done, the legal title remains in the purchaser at the tax sale.

It follows that the plaintiff has shown no right to recover in this suit, and the judgment must therefore be affirmed.